**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                              Crim. No. 25-879 JB

**HERIBERTO SALAZAR AMAYA et al.,**

    Defendants.

**UNITED STATES' OPPOSED MOTION TO EXTEND DISCOVERY DEADLINE**[1]

The United States respectfully requests a continuance of the discovery deadlines for the above-referenced matter in light of the pending Opposed Motion to Designate This Case as Complex filed on May 13, 2025. *See* Doc. 153.

**A.   BACKGROUND**

1. On April 24, 2025, the United States charged fourteen defendants in a twelve-count indictment with: Count 1: 21 U.S.C. § 846: Conspiracy; Counts 2, 3, and 9: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); 18 U.S.C. § 2: Aiding and Abetting; Counts 4 and 6: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); Counts 5 and 7: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); Count 8: 18 U.S.C. § 924(c)(1)(A)(i): Possessing a Firearm in Furtherance of a Drug Trafficking Crime; Count 10: 8 U.S.C. §§ 1326(a) and (b): Reentry of a Removed Alien; Count 11: 8 U.S.C. § 1324a(a)(1)(A):

---

[1] The United States assumes opposition for purposes of this filing.

Unlawful Employment of Illegal Alien; and Count 12: 8 U.S.C. § 1324(a)(1)(A)(v)(I): Conspiracy to Harbor Illegal Aliens. *See* Doc. 26.[2] Arrest warrants issued shortly thereafter.

Between April 28, 2025, and May 9, 2025, Defendants Cesar Acuna-Moreno, Vincent Montoya, David Anesi, David Altamirano Lopez, Kaitlyn Young, Brian Sanchez, Alan Singer, Nicholas Tanner, Alex Anthony Martinez, Jose Luis Marquez, and Francisco Garcia were arrested and made their initial appearances.

2. The Court entered Discovery Orders on April 30, 2025 as to Defendants Cesar Acuna-Moreno, Vincent Montoya, David Anesi, and David Altamirano Lopez; on May 5, 2025 as to Defendants Kaitlyn Young, Brian Sanchez, Alan Singer, and Nicholas Tanner; and on May 8, 2025 as to Defendant Jose Luis Marquez. Discovery Orders for the remaining Defendants have yet to be entered.[3]

3. The Orders give the United States 14 days from the date of issuance to disclose discovery, with the first deadline falling on May 14, 2025. *See* Docs. 68, 123, and 146

4. On May 13, 2025, the United States, moved for an order: (1) designating this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii); (2) ordering that Rule 16.1 of the Court's Local Rules of Criminal Procedure does not apply to this case; (3) appointing a discovery coordinator for the Defendants; and (4) permitting the parties to submit a joint scheduling order within 30 days of the entry of an order designating this case as complex for review and acceptance by the Court. *See* Doc. 153

5. The United States now respectfully requests that the current, standard discovery

---

[2] The 14 defendants named in the indictment are Heriberto Salazar Amaya, Cesar Acuna-Moreno, Bruce Sedillo, Vincent Montoya, Francisco Garcia, David Anesi, George Navarrete-Ramirez, Alex Anthony Martinez, Jose Luis Marquez, Nicholas Tanner, Brian Sanchez, Kaitlyn Young, Alan Singer, and David Altamirano Lopez.

[3] The United States notes that the Court in anticipation of this issue asked whether it should hold off entering standard discovery orders for all Defendants given the complex nature of the case. At that time, the United States requested, with Defendant counsel in agreement, that standard discovery orders issue.

deadlines for Defendants Cesar Acuna-Moreno, Vincent Montoya, David Anesi, David Altamirano Lopez, Kaitlyn Young, Brian Sanchez, Alan Singer, Nicholas Tanner, and Jose Luis Marquez be stayed or extended until the Court has time to review the complex case motion and determine whtether it will declare this case complex.

    a. Should the Court declare this case complex, a proposed discovery deadline would be submitted by the parties for the Court's review and approval.

    b. Should the Court NOT declare this case complex, the United States would further request that its discovery deadline be extended to comport with the forthcoming discovery order deadlines for Defendants Francisco Garcia and George Navarrete-Ramirez.

**II   CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court extend the discovery deadlines in this matter.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*/s/ Electronically filed on May 13, 2025*
MATTHEW J. MCGINLEY
BLAKE NICHOLS
RAQUEL RUIZ-VELEZ
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, 87102

I HEREBY CERTIFY that on May 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to opposing counsel of record on this date.
*/s/*  _____
MATTHEW J. MCGINLEY
Assistant United States Attorney