IN THE UNITED STATES DISTRICT COURT **FILED**

FOR THE DISTRICT OF NEW MEXICO
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**JUN 1 8 2025**

UNITED STATES OF AMERICA,

    Plaintiff,

**MITCHELL R. ELFERS
CLERK**

v.

No. CR 25-00879 JB

HERIBERTO SALAZAR AMAYA, et al.,

    Defendants.


## <u>ORDER TO CONTINUE</u>

    This matter is before the Court on Defendants' Motion to Continue June 23, 2025, Trial Date and Related Deadlines. There being good cause shown by the Moving Defendants[1] and there being no objection by the government for a continuance of a trial before July 21, 2025, the Court finds the motion is well-taken and should be granted.

    IT IS HEREBY ORDERED that the jury trial in this matter currently scheduled for June 23, 2025, is continued and will be rescheduled for October 21, 2025, in the Vermejo Courtroom, Suite 460.

    Additionally, the Court finds that continuance is necessary to begin/continue plea negotiations with the government, and for the defendants counsel to have time for a full review of

---

[1] Brian Sanchez, Francisco Garcia, Nicholas Tanner, Victor Montoya, Cesar Acuna-Moreno, Jose Luis Marquez, Alan Singer, David Anesi, David Lopez, Bruce Sedillo, George Navarete-Ramirez, and Heriberto Salazar Amaya.

Defendant Alez Anthony did not join this Motion and Defendant Kaitlyn Young opposed the Motion.

discovery. If a resolution is not reached, then additional time will be necessary to prepare pretrial motions, motions in limine and prepare for trial.

The court finds that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the Moving Defendants to further conduct an investigation into the charges in this case, to prepare and file pretrial motions, and to adequately prepare for trial. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Moving Defendants by providing them access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)).

_____
UNITED STATES DISTRICT JUDGE

After weighing the best interests of the public and of the Defendants with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed June 17, 2025 (Doc. 217). Specifically, the Defendants' need to review discovery, to discuss the filing of any pre-trial motions, and to discuss possible plea negotiations with their counsel, outweighs the Defendants and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for *October 21, 2025 @ 9:00 am*. The pretrial motion deadline is *September 30, 2025*. This *120* day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

This trial date does not apply to Defendants Alex Martinez and Kaitlyn Young.